**Sher Singh BRAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71715.**

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2009.*

Filed July 8, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Malinda R. Lawrence Fax, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, LEAVY and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Sher Singh Brar, a native and citizen of India, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. The IJ ruled that Brar "abandoned" his claims for relief because he failed to resubmit his fingerprints. The IJ ruled alternatively that Brar was not credible and therefore he did not establish eligibility for relief. We grant the petition for review and remand for further proceedings.

## DISCUSSION

1. *Fingerprints*

■ "For almost all types of relief from removal, a fingerprint check is required to establish that the applicant has not been convicted of particular classes of crimes and that [the applicant] is not otherwise inadmissible or ineligible." *Cui v. Mukasey,* 538 F.3d 1289, 1292 (9th Cir.2008). The IJ dismissed Brar's application, reasoning that without updated fingerprints, she "cannot ascertain [his] criminal history or lack thereof." In *Cui,* however, we held "it is clearly an abuse of discretion for an

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

IJ to deny a request from an otherwise diligent applicant for a short continuance to submit fingerprints." *Id.* at 1296.

Here, Brar's attorney proposed to remedy the omission by stating "we will make arrangements to have them be done today." This was clearly a request for additional time to comply with the IJ's request for fingerprints. Moreover, Brar exhausted his administrative remedies by presenting this claim to the BIA. *See Figueroa v. Mukasey,* 543 F.3d 487, 492 (9th Cir.2008) ("So long as the issue was raised before the BIA, the exhaustion requirement is satisfied.").

### 2. *Credibility Finding*

■ The IJ based her credibility finding on Brar's "confusing and evasive testimony," his "lack of knowledge about the political organization to which he claims persecution based on his membership," and "whether or not he told the truth at his asylum interview." The IJ did not, however, identify any particular omission, discrepancy or inconsistency in Brar's testimony.

A general statement "that a petitioner's testimony is evasive or unresponsive may be insufficient to support an adverse credibility finding" unless it is also "ascertainable from the record." *Jibril v. Gonzales,* 423 F.3d 1129, 1137 (9th Cir.2005) (internal quotation marks omitted). The record does not indicate, however, that Brar's testimony was evasive or confusing. Contrary to the Government's assertion, Brar testified consistently regarding the two "formal" speeches he gave that resulted in his arrests and how he frequently spoke "informally" to people who would listen to him. He also testified consistently that his first arrest occurred after his speech in Moga, that he was released from detention after five days even though his father had sought his release on the third day, and

that his family paid a bribe for his first release but not for the second one.

The IJ also observed that Brar lacked knowledge about his political organization and its activities. Again, the record belies that observation. At the hearing, Brar identified the three main factions of the organization, described in detail the political party it supported, noted only his faction was working on change through peaceful means, and explained how the creation of an independent state of Khalistan would permit people to live without harassment or mistreatment.

Finally, the IJ questioned whether Brar told the truth at his asylum interview. Although the IJ did not specify any particular statement or inconsistency, the record shows that Brar was asked about alleged discrepancies between his testimony and statements he made to the asylum officer. We have noted, however, that "[c]ertain features of an asylum interview make it a potentially unreliable point of comparison to a petitioner's testimony for purposes of a credibility determination." *Singh v. Gonzales,* 403 F.3d 1081, 1087 (9th Cir. 2005). Those features are present in this case—the record does not contain the officer's report or the questions and answers from the asylum interview, there is no transcript of the proceedings, and the asylum officer did not testify at the removal hearing. *See id.* at 1089–90.

Because we conclude the IJ's adverse credibility determination is not supported by substantial evidence, a remand for further proceedings is required. *See Yan Xia Zhu v. Mukasey,* 537 F.3d 1034, 1045–46 (9th Cir.2008) (explaining when remand is required); *see also INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (noting "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Karapetyan v. Mukasey,* 543

F.3d 1118, 1129 (9th Cir.2008) (noting IJ must also reconsider withholding of removal and CAT claims).

**PETITION FOR REVIEW GRANTED and REMANDED FOR FURTHER PROCEEDINGS.**